IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LVL PATENT GROUP, LLC,<br><br>        Plaintiff,<br>v.<br><br>AMAZON.COM, INC.; EBAY INC.; KAYAK SOFTWARE CORPORATION; EXPEDIA INC.; PRICELINE.COM INCORPORATED.; TRAVELOCITY.COM, LP.; ORBITZ WORLDWIDE, INC.; AMERICAN AIRLINES, INC.; DELTA AIRLINES, INC.; UNITED AIRLINES, INC.; SOUTHWEST AIRLINES CO.; AVIS BUDGET GROUP, INC.; THE HERTZ CORPORATION; HOTELS.COM L.P.; MARRIOTT INTERNATIONAL, INC. HILTON WORLDWIDE, INC.; STARWOOD HOTELS AND RESORTS WORLDWIDE, INC.; AND INTER-CONTINENTAL HOTELS CORPORATION,<br><br>        Defendants. | Civil Action No.<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff LVL Patent Group, LLC, ("LVL") alleges as follows:

PARTIES

1.    LVL is a Virginia limited liability company with its principal place of business at 231 Mill Road, Suite 100, Alexandria, Virginia 22314.

2.    On information and belief, Defendant Amazon.com ("Amazon") is a Delaware corporation with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109. Amazon has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

3.    On information and belief Defendant eBay Inc. ("eBay") is a Delaware corporation with its principal place of business at 2145 Hamilton Avenue, San Jose, California 95125. eBay has appointed National Registered Agents, Inc. 160 Greentree Drive, Suite 101, Dover, Delaware 19904, as its agent for service of process.

4. On information and belief, Defendant Kayak Software Corporation ("Kayak") is a Delaware corporation with its principal place of business at 55 North Water Street, Suite 1, Norwalk, Connecticut 06854. Kayak has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington Delaware 19808, as its agent service of process.

5. On information and belief, Expedia, Inc. ("Expedia") is a Delaware corporation with its principal place of business at 3000 Hanover Street, Palo Alto, California 94303. Expedia has appointed National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Connecticut, 19904, as its agent for service of process.

6. On information and belief, Priceline.com Incorporated ("Priceline") is a Delaware corporation with its principal place of business at 800 Connecticut Avenue, Norwalk, Connecticut 06854. Priceline has appointed Corporation Service Company, 2711 Centerville, Road Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

7. On information and belief, Defendant Travelocity.com LP ("Travelocity") is a Delaware limited partnership with its principal place of business at 3150 Sabre Drive, Southlake, Texas 76092. Travelocity has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

8. On information and belief, Orbitz Worldwide, Inc. ("Orbitz") is a Delaware Corporation with its principal place of business at 500 W. Madison Street, Suite 1000, Chicago, Illinois 6066. Orbitz has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington Delaware 19808, as its agent service of process.

9. On information and belief, Defendant American Airlines, Inc. ("American") is a Delaware corporation with its principal place of business located at 4333 Amon Carter Boulevard, Forth Worth, Texas 76155. American has appointed The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

10. On information and belief, defendant Delta Air Lines, Inc. ("Delta") is a Delaware corporation with its principal place of business at 1030 Delta Boulevard, Atlanta,

Georgia 30320.  Delta has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

11. On information and belief, defendant United Air Lines, Inc. ("United") is a Delaware corporation with is principal place of business at 77 West Wacker Drive, Suite 100, Chicago, Illinois 60601.  United has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

12. On information and belief, Defendant Southwest Airlines Co. ("Southwest Airlines") is a Texas corporation with its principal place of business at P.O. Box 36611, 2702 Love Field Dr., Dallas, TX 75235.  Southwest Airlines has appointed Corporation Service Company, 211 E. 7th St., Ste. 620, Austin, TX 78201, as its agent for service of process.

13. On information and belief, Avis Budget Group, Inc. ("Avis") is a Delaware corporation with its principal place of business at 6 Sylvan Way Parsippany, NJ 07054.  Avis has appointed Corporation Service Company 2711 Centerville Road Suite, 400 Wilmington, Delaware, 19808, as its agent for service of process.

14. On information and belief Defendant The Hertz Corporation ("Hertz") is a Delaware corporation with its principal place of business at 225 Brae Boulevard, Park Ridge, New Jersey 07656.  Hertz has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent service of process.

15. On information and belief Defendant Hotels.com L.P. ("Hotels.com") is a Delaware limited partnership with its principal place of business at 333 108th Avenue, Northeast, Bellevue, Washington 98004.  Hotels.com has appointed National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904, as its agent for service of process.

16. On information and belief, Defendant Marriott International, Inc. ("Marriott") is a Delaware corporation with its principal place of business at 10400 Fernwood Rd., Bethesda, Maryland, 20817.  Marriott has appointed The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808, as its agent for service of process.

17. On information and belief Defendant Hilton Worldwide, Inc. ("Hilton") is a Delaware corporation with its principal place of business at 6950 Yarmouth Avenue, Reseda, California 91335. Hilton has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

18. On information and belief, Defendant Starwood Hotels & Resorts Worldwide, Inc. ("Starwood") is a Maryland corporation with its principal place of business at 5530 Wisconsin Avenue, Chevy Chase, Maryland 20015. Starwood has appointed The Corporation Trust Incorporated, 351 West Camden Street, Baltimore, Maryland 21201, as its agent for service of process.

19. On information and belief, Defendant Inter-Continental Hotels Corporation ("Inter-Continental") is a Delaware corporation with its principal place of business at 3 Ravinia Drive, Suite 100, Atlanta, Georgia 30316. Inter-Continental has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801 as its agent for service of process.

## JURISDICTION AND VENUE

20. This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, *et seq.*, including § 271. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

21. Venue is proper in this district under 28 U.S.C. §§ 1391 (b)-(d) and 1400(b) because each defendant is subject to personal jurisdiction in this district, has committed acts of patent infringement in this district, or has a regular and established place of business in this district.

## COUNT I

(Infringement of U.S. Patent No. 8,019,060)

22. LVL is the owner by assignment of United States Patent No. 8,019,060 ("the '060 patent"), entitled "Telephone/Transaction Entry Device and System for Entering Transaction

Data into Databases." The '060 patent issued on September 13, 2011. A true and correct copy of the '060 patent is attached hereto as Exhibit A.

23. Defendant Amazon has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

24. Defendant eBay has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

25. Defendant Kayak has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

26. Defendant Expedia has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

27. Defendant Priceline has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

28. Defendant Travelocity has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

29. Defendant Orbitz has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

30. Defendant American has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

31. Defendant Delta has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

32. Defendant United has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

33. Defendant Southwest has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

34. Defendant Avis has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

35. Defendant Hertz has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

36. Defendant Hotels.com has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

37. Defendant Marriott has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

38. Defendant Hilton has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

39. Defendant Starwood has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

40. Defendant Inter-Continental has infringed and still is infringing at least claim 1 of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a method of obtaining data transaction information entered on a telephone, forming a plurality of exploded data transactions for the single transaction, and sending said different exploded data transactions to different destinations, using its mobile services network platform.

41. As a result of each Defendant's infringement of the '060 patent, LVL has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless each Defendant's infringing activities are enjoined by this Court.

42. Unless a permanent injunction is issued enjoining each Defendant and its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on its behalf from infringing the '060 patent, LVL will suffer irreparable harm.

PRAYER FOR RELIEF

LVL prays for the following relief:

1. A judgment that each defendant has infringed (either literally or under the doctrine of equivalents) one or more claims of the '060 patent;

2. A permanent injunction enjoining defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing the '060 patent;

3. An award of damages resulting from each defendant's acts of infringement in accordance with 35 U.S.C. § 284;

4. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to LVL its reasonable attorneys' fees against each defendant;

5. A judgment and order requiring defendants to provide an accounting and to pay supplemental damages to LVL, including without limitation, pre-judgment and post-judgment interest; and

6. Any and all other relief to which LVL may show itself to be entitled.

## DEMAND FOR JURY TRIAL

LVL demands a trial by jury on all issues so triable.

| | |
|---|---|
| September 15, 2011 | BAYARD, P.A. |
| | /s/ *Richard D. Kirk* |
| | Richard D. Kirk (rk0922) |
| | Stephen B. Brauerman (sb4952) |
| Of Counsel: | 222 Delaware Avenue, Suite 900 |
| | Wilmington, DE  19801 |
| Marc A. Fenster | (302) 655-5000 |
| Russ, August & Kabat | rkirk@bayardlaw.com |
| 12424 Wilshire Boulevard, 12th Floor | sbrauerman@bayardlaw.com |
| Los Angeles, CA  90025-1031 | |
| (310) 826-7474 | Attorneys for Plaintiff, |
| mfenster@raklaw.com | LVL Patent Group, LLC |