IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CYBERFONE SYSTEMS, LLC (formerly known as LVL PATENT GROUP, LLC),<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.; AMAZON SERVICES LLC; EBAY INC.; PAYPAL, INC.; KAYAK SOFTWARE CORPORATION; EXPEDIA INC.; PRICELINE.COM INC.; TRAVELOCITY.COM, LP.; ORBITZ WORLDWIDE, INC.; AMERICAN AIRLINES, INC.; DELTA AIRLINES, INC.; UNITED AIRLINES, INC.; SOUTHWEST AIRLINES CO.; AVIS BUDGET GROUP, INC.; ROUNDARCH, INC.; THE HERTZ CORPORATION; HOTELS.COM L.P.; MARRIOTT INTERNATIONAL, INC. HILTON WORLDWIDE, INC.; HILTON HOTELS CORPORATION; HILTON GARDEN INNS MANAGEMENT LLC; STARWOOD HOTELS AND RESORTS WORLDWIDE, INC.; PURE BIZ SOULTIONS LLC; INTER-CONTINENTAL HOTELS CORPORATION AND SIX CONTINENTS HOTEL, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 11-831 (SLR)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**THE MOVING DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION
<u>FOR MISJOINDER PURSUANT TO RULES 20 AND 21</u>**

February 6, 2012

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT .........................................................................................................3

    A. Any Right to Relief Against the Moving Defendants Did Not Arise Out of The Same Transaction Or Occurrence ........................................3

    B. The AIA Applies to this Dispute Because the FAC Does Not Relate Back to the Original Complaint ................................................6

    C. The Most Efficient Arrangement of Defendants Is Not the Twenty-Two Actions CyberFone Has Created........................................9

III. CONCLUSION .....................................................................................................10

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Brandywine Commc'ns Techs., LLC v. Apple, Inc.*,
   C.A. No. 11-1512-Orl-36KRS, slip op. (M.D. Fla. Jan. 24, 2012)..........................................3

*Braud v. Transp. Serv. Co. of Ill.*,
   445 F.3d 801 (5th Cir. 2006) ................................................................................................7, 8

*Codex Corp. v. Milgo Elec. Corp.*,
   553 F.2d 735 (1st Cir. 1977) .....................................................................................................10

*DirecTV, Inc. v. Leto*,
   437 F.3d 842 (3d Cir. 2006) ......................................................................................................3

*Farina v. Nokia, Inc.*,
   625 F.3d 97 (3d Cir. 2010) ....................................................................................................7, 8

*Hagan v. Rogers*,
   570 F.3d 146 (3d Cir. 2009) ......................................................................................................4

*MyMail, Ltd. v. Am. Online, Inc.*, 223 F.R.D. 455 (E.D. Tex. 2004) ............................................5

*MicroUnity Sys. Eng'g, Inc. v. Acer Inc.*,
   No. 2:10-CV-91-TJW-CE, 2011 WL 4591917 (E.D. Tex. Sept. 30, 2011) .............................5

*Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
   564 F. Supp. 1358 (D. Del. 1983) .............................................................................................3

*Philips Elecs. N. Am. Corp. v. Contec Corp.*,
   220 F.R.D. 415 (D. Del. 2004) ..................................................................................................3

*Prime Care of Ne. Kan., LLC v. Humana Ins. Co.*,
   447 F.3d 1284 (10th Cir. 2006) .................................................................................................8

*Rudd v. Lux Prods. Corp.*,
   C.A. No. 09-6957, 2011 WL 148052 (N.D. Ill. Jan. 12, 2011) .................................................3

*Schiavone v. Fortune*,
   477 U.S. 21 (1986) .....................................................................................................................7

*Softview LLC v. Apple Inc.*,
   10-389-LPS, 2011 U.S. Dist. LEXIS 112476, 2011 WL 4571793
   (D. Del. Sep. 30, 2011) ..........................................................................................................4, 5

*Sony Elecs., Inc. v. Orion IP, LLC*,
  C.A. No. 05-255-GMS, 2006 WL 680657 (D. Del. Mar. 14, 2006) ....................................... 10

*SRI Int'l, Inc. v. Internet Security Sys., Inc.*,
  C.A. No. 04-1199-SLR, 2005 U.S. Dist. LEXIS 6797 (D. Del. Apr. 13, 2005) ...................... 4

*United States v. Martinez*,
  195 U.S. 469 (1904) ............................................................................................................... 8

*Wacoh Co. v. Kionix, Inc.*,
  C.A. No. 10-617-RGA, 2012 WL 70673 (D. Del. Jan. 9, 2012) ............................................. 3

**RULES AND STATUTES**

Fed. R. Civ. P. 15 ................................................................................................................. 6, 7

Fed. R. Civ. P. 20 .............................................................................................................. 1, 3, 5

**OTHER AUTHORITIES**

H.R. REP. No. 112-98, pt. 1 (2011) .......................................................................................... 5

I. **INTRODUCTION**

CyberFone Systems, LLC ("CyberFone"), in its response to the Moving Defendants' motion for misjoinder, claims that "the primary purpose of permissive joinder is 'to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.'" (D.I. 77 at 3). To be clear, however, this has never been a situation where this Court has been provided a choice between a single and multiple actions. CyberFone deprived the Court of that choice when it brought **nine** separate actions against more than 150 defendants on the same five related patents, and then brought **thirteen** additional actions asserting the same patent at issue here.[1] CyberFone thus always intended to require the Court to engage in what it now claims would be a waste of resources, including "conduct[ing] multiple claim construction hearings," and "review[ing] parallel briefs on common issues in multiple cases." (*Id.* at 8). These complaints are hollow arguments made to foist the blame for a very burdensome case from itself to the defendants.

CyberFone broadly states that joinder is appropriate because the defendants' "products function similarly to one another's products for infringement purposes" (D.I. 77 at 7), but fails to identify any similarities among the more than 100 products accused in this action. The only similarity that CyberFone actually alleges among the defendants and their products is the patent in suit. That is not the law of joinder. Although Rule 20 permits joinder of unrelated defendants when the facts show that a common transaction or occurrence links all the defendants, alleged infringement of the same patent without more, does not satisfy this standard.

---

[1] On January 30, 2012, CyberFone brought thirteen separate actions asserting infringement of the '060 patent: one against each of the unrelated defendants already a party in the 11-828 action. These actions are C.A. Nos. 12-107 and 12-109 through 12-120.

As opposed to addressing the specific defendants and products accused in this action, CyberFone's arguments for joinder could apply with equal force to the defendants across all the actions. CyberFone already expressed its preference for severance by not filing a single action; it filed nine original actions—three of which involve the patent asserted in this case—and then thirteen additional actions, all involving the patent asserted in this case. Coordination across the actions is already required to avoid duplication of effort, and CyberFone's arrangement of defendants does not help. Nowhere does CyberFone explain why it gets to decide how to slice and dice 150 separate companies with hundreds of different products across many industries into twenty-two actions, where neither the defendants nor the Court have any say in the matter. Nor does it acknowledge that the Court retains the discretion to coordinate pretrial proceedings across separate actions so as to reduce any burden to the Court, or that any difficulties caused by severance are a problem of its own making—a natural consequence of having sued over 150 defendants.

There is no reason to force the inclusion of otherwise uninterested parties into disputes simply because CyberFone chose to lump them together in a particular action.[2]  Separation solves this problem and reduces the number of parties before the Court for any given issue to only those parties with a common interest.[3]

---

[2]  There is no inherent reason, for example, why issues relating to Sharp's Blu-ray players and televisions should be heard with the so-called "Wireless Handset Manufacturers" in the 11-827 action rather than the other Blu-ray and television manufacturers in the 11-833 action, why two separate Motorola entities are accused of selling the same products in two separate actions, why the '024 patent is asserted only against Apple in the 11-827 action when the same claims are the only ones asserted in 11-832, or why the same patents are asserted across multiple actions.

[3]  Separating the actions, for example, allows the Court and the parties to coordinate proceedings as appropriate, such as by asserted patents or accused products.

## II. ARGUMENT

### A. Any Right to Relief Against the Moving Defendants Did Not Arise Out of The Same Transaction Or Occurrence

As discussed in the Moving Defendants' Opening Brief, Rule 20 has two distinct tests, **both** of which must be satisfied to permit joinder, and the failure of **either** results in the misjoinder of the parties. *DirecTV, Inc. v. Leto*, 437 F.3d 842, 844 (3d Cir. 2006) ("Misjoinder . . . occurs when there is no common question of law or fact or when, as here, the events that give rise to the plaintiff's claims against defendants do not stem from the same transaction."); *Philips Elecs. N. Am. Corp. v. Contec Corp.*, 220 F.R.D. 415, 417 (D. Del. 2004) ("In order to permit joinder, both tests must be satisfied.") (citing *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 564 F. Supp. 1358, 1370 (D. Del. 1983)); *Wacoh Co. v. Kionix, Inc.*, C.A. No. 10-617-RGA, 2012 WL 70673, at *1 (D. Del. Jan. 9, 2012) ("there are two conditions that need to be met for joinder of defendants").

CyberFone claims that the "common 'series of transaction or occurrences' prong of Rule 20(a) is satisfied . . . when products of different defendants function similarly for infringement purposes." (D.I. 77 at 6). Even accepting this standard *arguendo*, all CyberFone contends is that "the Moving Defendants' products function similarly to one another's products for infringement purposes" (*id.* at 7), which is no different from contending that they infringe the same patent.[4]

---

[4] If infringement of common patents were sufficient in and of itself, that would "evicerate[] the same transaction or occurrence requirement and make[] it indistinguishable from the requirement that there be a common question of law or fact." *Brandywine Commc'ns Techs., LLC v. Apple, Inc.*, C.A. No. 11-1512-Orl-36KRS, slip op. at 4 n.2 (M.D. Fla. Jan. 24, 2012) (quoting *Rudd v. Lux Prods. Corp.*, C.A. No. 09-6957, 2011 WL 148052, at *2-3 (N.D. Ill. Jan. 12, 2011)) (Ex. A). Even in CyberFone's cited case, *eSpeed, Inc. v. BrokerTec, USA, LLC*, Judge Jordan explicitly held "[i]nfringement of the same patent by different machines and parties **does not constitute** the same transaction or occurrence to justify joinder." C.A. No. 03-612-KAJ, 2004 U.S. Dist. LEXIS 13486, at *10 n.9 (D. Del. June 15, 2004) (emphasis added) (cited by CyberFone in D.I. 77 at 3). CyberFone's joinder arguments are improperly based on "general assumptions" and not "based on the
(Continued . . .)

Yet CyberFone does not even attempt to explain what, other than the asserted patent, is "similar" among the more than 100 accused products.[5] CyberFone also does not explain its decision to separate this action from the 11-827, 11-829, or the thirteen new actions—all involving the '060 patent. Indeed, CyberFone's arguments for joinder are especially confusing given that the 11-829 and thirteen new actions involve only the patent asserted in this action.

Moreover, the Delaware cases CyberFone cites are distinguishable from this action. For example, *SRI Int'l, Inc. v. Internet Security Sys., Inc.,* C.A. No. 04-1199-SLR, 2005 U.S. Dist. LEXIS 6797 (D. Del. Apr. 13, 2005) does not support CyberFone's position. In *SRI*, decided well before the events and opinions leading to the AIA,[6] the plaintiff alleged infringement by only two defendants in the very narrow field of "computer network protection systems." *Id.* at 11. This is more than a common patent alone, and more than CyberFone alleges in response to Moving Defendants' motion.[7]

---

(. . . continued)
  specific fact pattern presented by the plaintiff[]." *Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009)

[5] Instead, CyberFone merely asserts a tautology: Because the "functionality accused in each of those products is similar" . . . "[t]here will therefore be common issues of fact and law relating to the architecture and functionality of the accused products." (D.I. 94 at 7). CyberFone raises other purported commonalities with respect to the "common issues of fact and law" element, such as "conception and reduction to practice of the asserted patents, claim construction level of skill in the art, and relevance of prior art." (*Id.*). All of these so-called commonalities, however, necessarily arise from the assertion of common patents, and do not relate to the requirement that the "**right to relief** . . . ar[ose] out of the same transaction, occurrence, or series of transactions or occurrences." Congress has recently confirmed with the passage of the AIA that the mere assertion of a common patent is an insufficient basis for joinder.

[6] *See* Moving Defendants Opening Brief, D.I. 53 at 7-12.

[7] CyberFone also cites to *Softview LLC v. Apple Inc.*, 10-389-LPS, 2011 U.S. Dist. LEXIS 112476, at *1-3, 2011 WL 4571793, at *1 (D. Del. Sep. 30, 2011), stating that the Court "granted the motion over defendants' objection that there would be jury confusion." (D.I. 77 at 3-4). In fact, Judge Stark explicitly reserved on the question of severance at trial. *Softview*, 2011 WL 4571793, at *1 ("Under the circumstances, it would be premature for
(Continued . . .)

CyberFone also tries to downplay the import of the AIA by suggesting that this Court should disregard the AIA merely because this action was filed an hour before its enactment. (D.I. 77 at 5). Not so. The AIA represents Congress's intent to "abrogate[] the construction of Rule 20(a) adopted in *MyMail . . . Sprint Communications Co. v. Theglobe.com, Inc . . . Alford Safety Services, Inc. v. Hot-Hed, Inc. . . .* –**effectively conforming** these courts' jurisprudence to that **followed by a majority of jurisdictions**." H.R. REP. No. 112-98, pt. 1, at 55 n.61 (2011) (emphasis added). Although CyberFone tries to pass these words off as arguments by Moving Defendants, they are not—they are Congress's own words. The cases Moving Defendants cite do not "represent only one side of the pre-AIA judicial divide on joinder" (D.I. 77 at 6); they represent the Congressionally-approved, and now mandated, judicial interpretation of Rule 20 in patent actions.[8] CyberFone's arguments for joinder of any defendant—based on general statements in non-patent cases that "the impulse is towards entertaining the broadest scope of

---

(. . . continued)
    the Court to decide the issue of separate trials"). Leave to amend was granted because the objections made by defendants "consist[ed] of concern about jury confusion" and as the Court considered those concerns premature, it held that the "concerns raised by Defendants d[id] not present a sufficient reason to deny Softview leave to amend." *Id.* Moreover, the issue of joinder is not yet settled in *Softview*. The new defendants have, in fact, sought severance in separate motions, which are currently pending. (C.A. No. 11-389 D.I. 143, 148, 153, 156, 185).

[8]    Indeed, other than the one District of Kansas opinion CyberFone now cites, the *MyMail* line of cases have been cited approvingly almost exclusively within the Fifth Circuit. The opinions Moving Defendants have cited in this and their Opening Brief (D.I. 53 at 7-12), on the other hand, reflect decisions in patent cases from the Second, Third, Fourth, Seventh, Eighth, Ninth, and Eleventh Circuits. Even the *MyMail* line of cases that CyberFone cites from the Fifth Circuit are much different than this one. In *MyMail, Ltd. v. Am. Online, Inc.*, the Court noted that the defendants "shared resources, such as dial-up Internet access numbers." 223 F.R.D. 455, 457 (E.D. Tex. 2004). Similarly, in *MicroUnity Sys. Eng'g, Inc. v. Acer Inc.*, No. 2:10-CV-91-TJW-CE, 2011 WL 4591917, at *3 (E.D. Tex. Sept. 30, 2011), the Court noted that the accused products all used the same component (the ARM architecture and instruction set). CyberFone has made not a single allegation that there is any such connection between the defendants or their products.

action," and that "joinder of claims, parties and remedies is strongly encouraged" (D.I. 77 at 3)—simply ignore that Congress has reached the exact contrary conclusion in the AIA.

### B. The AIA Applies to this Dispute Because the FAC Does Not Relate Back to the Original Complaint

CyberFone does not contest that joinder would be improper under the AIA, but instead claims that the AIA is inapplicable because "this case was filed before the adoption of [the AIA]." (D.I. 77 at 1). There can be no dispute, however, that CyberFone filed the FAC well after the enactment of the AIA. It is telling that CyberFone chose only to collaterally attack the Moving Defendants' arguments rather than presenting any evidence that the FAC should, in fact, relate back. Even CyberFone's collateral attacks fail, and CyberFone should not be allowed to simply "tack on" whatever new allegations to its original Complaint without regard to the applicability of the AIA.

First, CyberFone's contention that the Moving Defendants "waive[d]" the argument that the FAC does not relate back to the original Complaint is without merit. Although not their burden to do so, the Opening Brief's discussion on pp. 15-16 and 19-20 more than adequately sets forth Moving Defendants' position that the FAC did not relate back to the original Complaint under Rule 15, especially for the defendants that were added without apparent or alleged connection to the original defendants or allegations.

Next, CyberFone contends that "many of the Moving Defendants seeking this relief . . . are not even the newly-added defendants." (D.I. 77 at 8)  This is irrelevant as seven of the eight new parties do join in this motion.[9]  Moreover, the *Farina* court determined that the CAFA, on

---

[9] The original Moving Defendants included newly added Amazon Services LLC; Hilton Garden Inns Management LLC; Hilton Hotels Corp.; Orbitz Worldwide LLC, Paypay Inc.; and Pure Biz Solutions LLC. (D.I. 53). In addition, CyberFone did not serve Six
(Continued . . .)

which federal subject matter jurisdiction was based, applied to all defendants, and not just the newly added ones. *Farina v. Nokia, Inc.*, 625 F.3d 97, 114-15 (3d Cir. 2010) ("Federal jurisdiction over Farina's suit arose on December 23, 2005, when the Second Amended Complaint commenced a new civil action [by including two new defendants] and brought the case under CAFA.").

CyberFone then argues that *Farina* is inapplicable because 1) *Farina* addressed the Fifth Circuit's "*Braud* approach" to relation back, which relies upon Supreme Court precedent from 1932 and 1904, before the enactment of the Federal Rules,[10] and 2) "it relies on Pennsylvania law for the definition of 'commencement.'" (D.I. 77 at 9). As an initial matter, CyberFone's suggestion that the Fifth Circuit **ignored** the Rules of Civil Procedure in its **2006** *Braud* decision because it relied on pre-Rules Supreme Court precedent is plainly wrong. In fact, the *Braud* court explicitly considered the import of Fed. R. Civ. P. 15(c)(3). *Braud v. Transp. Serv. Co. of Ill.*, 445 F.3d 801, 806-07 (5th Cir. 2006). Moreover, the *Farina* court only applied Pennsylvania law after considering relation back precedent from the First, Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Circuits. 625 F.3d at 111-13. It further traced the origins of its holding that "[g]enerally 'a party brought into court by an amendment, and who has, for the first time, an opportunity to make defense to the action, has a right to treat the proceeding, as to him, as

---

(. . . continued)
    Continents Hotels Inc., until after the Moving Defendants filed this motion. Six Continents Hotels Inc. has also now joined in this motion. (D.I. 78).

10    CyberFone's reliance on *Schiavone v. Fortune*, 477 U.S. 21, 24 (1986) is particularly confusing. In *Schiavone*, the Supreme Court held that an amended complaint **did not** relate back to an earlier filed complaint where the statute of limitations had expired between the original and amended complaints, even though the originally named defendant, Fortune, was a division of the party plaintiff Schiavone sought to add, Time. If anything, *Schiavone* supports the Moving Defendants' position that relation back is not appropriate.

commenced by the process which brings him into court,'" to Federal, not Pennsylvania, law. *Farina*, 625 at 111 (quoting *Braud*, 445 F.3d at 805 (quoting *United States v. Martinez*, 195 U.S. 469, 473 (1904)). And although CyberFone claims that *Farina* "do[es] not dispose of the issue here" (D.I. 77 at 8), the Third Circuit in *Farina* considered exactly the question of how to determine whether a complaint filed before the enactment of a statute, but amended after enactment, "commenced" before or after the statute. *Farina*, 625 F.3d at 111-13. CyberFone's attempt to ignore the effect of amending its Complaint is precisely what concerned the *Farina* court, which stated:

> [T]he unqualified disregard of any post-[Act] pleading amendments ... entails the practically untenable result that once a pre-[Act] case is filed, the plaintiff can tack on new causes of action so substantively independent of the original case that they would be properly treated as filed after [Act]'s effective date for all legal purposes ... *except for [the Act]*.

625 F.3d at 111 (quoting approvingly *Prime Care of Ne. Kan., LLC v. Humana Ins. Co.*, 447 F.3d 1284, 1288 n.4 (10th Cir. 2006)).

Finally, CyberFone ignores the Moving Defendants' point that "CyberFone's original thread-bare eleventh hour complaint to avoid the express misjoinder provisions of the AIA was facially defective . . . . CyberFone did not identify *any* accused products, services, or methods until more than two months after the AIA was enacted." (D.I. 53 at 16) Indeed, CyberFone voluntarily amended its original Complaint to identify products even before the Defendants could respond—but even this was well after the enactment of the AIA. CyberFone's bare original Complaint, filed at the literal eleventh hour, should not allow it to circumvent Congress's intent for the AIA, when even CyberFone acknowledged further detail was necessary.

### C. The Most Efficient Arrangement of Defendants Is Not the Twenty-Two Actions CyberFone Has Created

Joinder is also an inefficient use of the Court's, and the parties', resources. CyberFone argues that separating the Moving Defendants in this action would result in a parade of horribles for the Court, claiming that separation will

> increase the burden on the Court. The Court will have less time available to review and consider motions if it has to conduct multiple claim construction hearings and review parallel briefs on common issues in multiple cases. Moreover, severing this case before a claim construction hearing raises the possibility of inconsistent claim construction rulings or claim construction rulings from the lead case being imposed on subsequent litigants who have not had a full opportunity to have their positions heard.

(D.I. 77 at 8). What CyberFone neglects to mention, however, is that it has already chosen to inflict these very things upon the Court (and the defendants) by filing **twenty-two** separate actions against more than 150 defendants. If, as CyberFone suggests in its brief, the Court must hold a separate *Markman* hearing for each action, the Court is already faced with twenty-two hearings on the same five patents, sixteen hearings including the patent in this action. The same can also be said for every argument that CyberFone makes about waste or inefficiency in its opposition to the defendants' motion. CyberFone's arguments are simply an attempt to misdirect blame for the burden it forced upon this Court when it filed these actions.

In evaluating efficiency, therefore, the question is not one case or several, but instead how the several cases should be arranged. Indeed, CyberFone does not dispute the Moving Defendants' arguments that they will be prejudiced at trial, but instead claims that "[s]everance for trial can be considered close to trial . . . ." (D.I. 77 at 8). Delaying until trial, however, does not serve efficiency with the multi-action nature of this case. As Chief Judge Sleet held, "[a]lthough there may be some efficiency to be gained by consolidating certain aspects of discovery, [plaintiff] ignores the possibility that collateral issues specific to any one of the many

unrelated parties involved in both cases may create inefficiencies that would not arise if the proceedings remained separate." *Sony Elecs., Inc. v. Orion IP, LLC*, C.A. No. 05-255-GMS, 2006 WL 680657, at *2 (D. Del. Mar. 14, 2006) (citing *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 739 (1st Cir. 1977)). The Court is already faced with overlapping, but separate, actions that eliminate the potential efficiency of a single action. To the extent that efficiency can be gained before trial, it is by narrowing disputes and issues to only the interested parties—not by lumping disparate defendants together in a single action.[11] Separate actions leave the Court and the parties free to choose the parties with whom to coordinate on any given issue, and will prevent a dispute among a limited number of parties from engulfing otherwise uninterested parties merely by virtue of being part of the same action.

### III. CONCLUSION

For the foregoing reasons, and the reasons stated in their Opening Brief, the Moving Defendants respectfully request that the Court dismiss them from this case, or in the alternative, sever the claims against them from the other defendants.

---

[11] CyberFone's January 30, 2012 addition of thirteen lawsuits—one against each unrelated defendant in the 11-828 action—that alleged infringement of one of the same five patents further illustrates why joint actions are inappropriate. As facts and contentions are revealed throughout discovery, new issues that will likely be specific to some, but not all, defendants will be uncovered. Rather than rearranging the actions whenever a new issue is discovered, as CyberFone attempted to do on January 30 and which has the potential to add additional rounds of motion practice, separate actions can be coordinated as appropriate on each issue.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
| */s/ Paul Saindon* | */s/ Paul Saindon* |
| Jack B. Blumenfeld (#1014) | Jack B. Blumenfeld (#1014) |
| Karen Jacobs Louden (#2881) | Karen Jacobs Louden (#2881) |
| Paul Saindon (#5110) | Paul Saindon (#5110) |
| 1201 N. Market Street | 1201 N. Market Street |
| P.O. Box 1347 | P.O. Box 1347 |
| Wilmington, DE 19899-1347 | Wilmington, DE 19899-1347 |
| (302) 658-9200 | (302) 658-9200 |
| jblumenfeld@mnat.com | jblumenfeld@mnat.com |
| klouden@mnat.com | klouden@mnat.com |
| psaindon@mnat.com | psaindon@mnat.com |
| *Attorneys for United Air Lines, Inc.* | *Attorneys for Inter-Continental Hotels Corporation and Six Continents Hotels, Inc.* |
| OF COUNSEL: | OF COUNSEL: |
| Stephen E. Baskin | George L. Murphy, Jr. |
| KILPATRICK TOWNSEND & STOCKTON LLP | Vaibhav P. Kadaba |
| 607 14th Street, NW, Suite 900 | KILPATRICK TOWNSEND & STOCKTON LLP |
| Washington, DC, 20005-2018 | 1100 Peachtree Street, Suite 2800 |
| (202) 508-5899 | Atlanta, GA 30309-4528 |
| | (404) 815-6500 |
| John C. Alemanni | |
| Michael T. Morlock | |
| KILPATRICK TOWNSEND & STOCKTON LLP | |
| 1001 West Fourth Street | |
| Winston Salem, NC 27101 | |
| (336) 607-7300 | |

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| */s/ Paul Saindon* | */s/ Paul Saindon* |
| Jack B. Blumenfeld (#1014) <br> Karen Jacobs Louden (#2881) <br> Paul Saindon (#5110) <br> 1201 N. Market Street <br> P.O. Box 1347 <br> Wilmington, DE 19899-1347 <br> (302) 658-9200 <br> jblumenfeld@mnat.com <br> klouden@mnat.com <br> psaindon@mnat.com <br> *Attorneys for Hilton Worldwide, Inc. ( Hilton Hotels Corporation) and Hilton Garden Inns Management LLC* | Jack B. Blumenfeld (#1014) <br> Karen Jacobs Louden (#2881) <br> Paul Saindon (#5110) <br> 1201 N. Market Street <br> P.O. Box 1347 <br> Wilmington, DE 19899-1347 <br> (302) 658-9200 <br> jblumenfeld@mnat.com <br> klouden@mnat.com <br> psaindon@mnat.com <br> *Attorneys for eBay Inc., PayPal Inc., Kayak Software Corporation, Hotels.com L.P., Expedia Inc., Priceline.com Inc. and Travelocity.com, LP* |
| | OF COUNSEL: <br><br> Dan D. Davison <br> Brandy S. Nolan <br> FULBRIGHT & JAWORSKI L.L.P. <br> 2200 Ross Avenue, Suite 2800 <br> Dallas, TX 75201-2784 <br> (214) 855-8000 <br><br> Richard S. Zembek <br> George W. Jordan III <br> FULBRIGHT & JAWORSKI L.L.P. <br> Fulbright Tower <br> 1301 McKinney, Suite 5100 <br> Houston, TX 77010-3095 <br> (713) 651-5151 |

| | |
|---|---|
| FISH & RICHARDSON, PC | POTTER ANDERSON & CORROON LLP |
| */s/ Lauren Murphy Pringle* | */s/ David E. Moore* |
| William J. Marsden, Jr. (#2247) | Richard L. Horwitz (#2246) |
| Lauren Murphy Pringle (#5375) | David E. Moore (#3983) |
| 222 Delaware Avenue, 17th Floor | 1313 N. Market Street |
| Wilmington, DE 19801 | Hercules Plaza, 6th Floor |
| (302) 652-5070 | Wilmington, DE 19801 |
| marsden@fr.com | (302) 983-6000 |
| pringle@fr.com | rhorwitz@potteranderson.com |
| *Attorneys for Orbitz Worldwide, LLC, Hertz Corporation and Avis Budget Group, Inc.* | dmoore@potteranderson.com |
| | *Attorneys for Amazon.com, Inc. and Amazon Services LLC* |
| | |
| | OF COUNSEL: |
| | |
| | J. David Hadden |
| | Darren E. Donnelly |
| | Saina S. Shamilov |
| | FENWICK & WEST LLP |
| | 801 California Street |
| | Mountain View, CA 94041 |
| | (650) 988-8500 |
| | |
| | Ryan J. Marton |
| | FENWICK & WEST LLP |
| | 555 California Street, 12th Floor |
| | San Francisco, CA 94104 |
| | (415) 875-2300 |
| DLA PIPER LLP (US) | FISH & RICHARDSON, PC |
| */s/ Denise S. Kraft* | */s/ Thomas L. Halkowski* |
| Denise S. Kraft (#2778) | Thomas L. Halkowski (#4099) |
| Aleine Porterfield (#5053) | 222 Delaware Avenue, 17th Floor |
| 919 North Market Street, Suite 1500 | Wilmington, DE 19801 |
| Wilmington, DE 19801 | (302) 652-5070 |
| (302) 468-5700 | halkowski@fr.com |
| denise.kraft@dlapiper.com | *Attorneys for Pure Biz Solutions LLC* |
| aleine.porterfield@dlapiper.com | |
| *Attorneys for Starwood Hotels & Resorts Worldwide Inc.* | |

- 14 -

OF COUNSEL:

John Guaragna
Brian Erickson
Aaron Fountain
DLA PIPER LLP (US)
401 Congress Avenue, Suite 2500
Austin, TX 78701-3799
(512) 457-7000


RICHARDS LAYTON & FINGER, PA

*/s/ Kelly E. Farnan*
Allen M. Terrell, Jr. (#709)
Kelly E. Farnan (#4395)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
*Attorneys for Southwest Airlines Co.*

OF COUNSEL:

Max Ciccarelli
Justin S. Cohen
THOMPSON & KNIGHT LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, TX 75201
(214) 969-1700