IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CYBERFONE SYSTEMS, LLC (formerly    )
known as LVL PATENT GROUP, LLC),    )
    )
    Plaintiff,    )
    )
    v.    )
    )  C.A. No. 11-831 (SLR)
AMAZON.COM, INC., AMAZON    )
SERVICES LLC, EBAY INC., PAYPAL,    )
INC., KAYAK SOFTWARE    )
CORPORATION, EXPEDIA INC.,    )
PRICELINE.COM INC.,    )
TRAVELOCITY.COM, LP, ORBITZ    )
WORLDWIDE, LLC, AMERICAN    )
AIRLINES, INC., UNITED AIR LINES,    )
INC., SOUTHWEST AIRLINES CO., AVIS    )
BUDGET GROUP, INC., ROUNDARCH,    )
INC., THE HERTZ CORPORATION,    )
HOTELS.COM L.P., MARRIOTT    )
INTERNATIONAL, INC., HILTON    )
WORLDWIDE, INC., HILTON HOTELS    )
CORPORATION, HILTON GARDEN INNS    )
MANAGEMENT LLC, STARWOOD    )
HOTELS & RESORTS WORLDWIDE,    )
INC., PURE BIZ SOLUTIONS LLC, INTER-    )
CONTINENTAL HOTELS    )
CORPORATION, AND SIX CONTINENTS    )
HOTELS, INC.,    )
    )
    Defendants.    )

**MOVING DEFENDANTS' REPLY BRIEF IN SUPPORT OF
THEIR MOTION TO DISMISS CERTAIN CLAIMS OF
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR
<u>FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED</u>**

February 6, 2012

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES......................................................................................... ii

SUMMARY OF ARGUMENT .....................................................................................1

I.    PLAINTIFF DOES NOT DISPUTE THAT THE '060 METHOD CLAIMS CANNOT BE INFRINGED BY MAKING, SELLING, OFFERING FOR SALE, OR IMPORTING SOFTWARE FOR PRACTICING THE CLAIMED METHOD AND SUCH ALLEGATIONS SHOULD THEREFORE BE DISMISSED.............................2

II.    ANY ALLEGATIONS IN THE FIRST AMENDED COMPLAINT THAT DEFENDANTS INFRINGE SYSTEM CLAIMS SHOULD ALSO BE DISMISSED .......................................................4

III.    PLAINTIFF HAS NOW REPRESENTED TO THE COURT THAT IT IS NOT ALLEGING INDIRECT INFRINGEMENT AND DISMISSAL OF SUCH CLAIMS IS THEREFORE NOT NECESSARY ..........................................................................................6

CONCLUSION.............................................................................................................7

TABLE OF AUTHORITIES

Page(s)

CASES

Ashcroft v. Iqbal,
   129 S. Ct. 1937 (2009) .......................................................................... 1, 3, 6, 7

Bell Atl. Corp. v. Twombly,
   550 U.S. 544 (2007) ...................................................................................... 3, 5

Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.,
   576 F.3d 1348 (Fed. Cir. 2009)........................................................................2

Eidos Comm., LLC v. Skype Tech.
   SA, 686 F. Supp. 2d 465 (D. Del. 2010) ..........................................................5

i4i Ltd. P'ship v. Microsoft Corp.,
   598 F.3d 831 (Fed. Cir. 2010), aff'd, 131 S. Ct. 2238 (2011) .................................2

Inc. v. Flakt, Inc.,
   6 F.3d 770 (Fed. Cir. 1993) ..............................................................................2

Lucent Techs., Inc. v. Gateway, Inc.,
   580 F.3d 1301 (Fed. Cir. 2009)........................................................................2

McZeal v. Sprint Nextel Corp.,
   501 F.3d 1354 (Fed. Cir. 2007)......................................................................1, 3

NTP, Inc. v. Research in Motion, Ltd.,
   418 F.3d 1282 (Fed. Cir. 2005)........................................................................2

Openwave Sys., Inc. v. 724 Solutions Inc.,
   No. C 09-3511 RS, 2010 U.S. Dist. LEXIS 20502 (N.D. Cal. March 8, 2010) ......................4

Rovi Corp. et al. v. Hulu, LLC,
   No. 11-665, 2012 WL 261982 (D. Del. Jan. 27, 2012) .........................................3

Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.,
   617 F.3d 1296 (Fed. Cir. 2010).........................................................................2

Via Vadis, LLC v. Skype, Inc. et al.,
   No. 11-507, 2012 U.S. Dist. Lexis 10182 (D. Del. Jan. 27, 2012) .........................3

RULES AND STATUTES

35 U.S.C. § 271(a) .................................................................................................2, 7

Fed. R. Civ. P. 8...............................................................................................................6

Fed. R. Civ. P. 12(b)(6)...................................................................................................4

Fed. R. Civ. P. 12(f)(1)....................................................................................................4

Fed. R. Civ. P. 18.........................................................................................................1, 2

## SUMMARY OF ARGUMENT

By not disputing that claim 1 of the '060 patent is a method claim and therefore can only be infringed by ***using*** the claimed method, Plaintiff invites dismissal of its allegations with respect to making, selling, offering for sale, or importing software for practicing any method recited in claim 1, or any other method claim in the '060 patent for that matter.

Plaintiff mistakes Form 18 of the Federal Rules of Civil Procedure as offering a safe harbor for claims unpled in its First Amended Complaint ("FAC").  First, not only do the allegations of the FAC deviate from Form 18 in pleading infringement of "at least claim 1," but Plaintiff also wrongly relies upon *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007); but, recent decisions from this District have held that this standard is undermined by the Supreme Court's decision in *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009).  Second, the FAC never mentions the other claims of the '060 patent or the systems accused of infringing the same.  That is, the FAC fails to state a plausible claim for relief as to system claims 18-24 of the '060 patent at least because (i) the FAC only recites language from method claim 1 in pleading infringement, (ii) the FAC fails to provide notice to the Moving Defendants of alleged infringement of anything other than claim 1, and (iii) the FAC fails to identify a general category of products accused of infringing system claims 18-24.

Based on the foregoing and Plaintiff's representation in its opposition brief that the FAC does not allege indirect infringement, any direct infringement allegations in the FAC other than those directed to use of method claim 1 should be dismissed.

I.     **PLAINTIFF DOES NOT DISPUTE THAT THE '060 METHOD CLAIMS CANNOT BE INFRINGED BY MAKING, SELLING, OFFERING FOR SALE, OR IMPORTING SOFTWARE FOR PRACTICING THE CLAIMED METHOD AND SUCH ALLEGATIONS SHOULD THEREFORE BE DISMISSED**

Plaintiff does not dispute that claim 1 of the '060 patent (and any of the other method claims contained in the '060 patent), cannot, as a matter of law, be infringed by making, selling, offering for sale, or importing software for practicing the claimed method.  *See* Def. Br. (D.I. 54) at 6-7 (citing *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1317 (Fed. Cir. 2009) (citing *Joy* Techs*., Inc. v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed. Cir. 1993)); *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1319 (Fed. Cir. 2005); *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 850 (Fed. Cir. 2010), *aff'd*, 131 S. Ct. 2238 (2011); *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 576 F.3d 1348, 1359 (Fed. Cir. 2009)).  Claim 1 of the '060 patent is a method claim and therefore can only be infringed by *using* the claimed method.  Accordingly, Moving Defendants respectfully request that the Court grant their motion to dismiss each of the allegations in the First Amended Complaint ("FAC") relating to the making, selling, offering for sale, or importing software for practicing any method claimed in the '060 patent.[1]

Unlike Form 18 of the Federal Rules of Civil Procedure, which Plaintiff cites, the FAC pleads infringement of "at least claim 1" and references actions related to the same in a

---

[1]    Plaintiff argues that the categories of conduct set forth in 35 U.S.C. § 271(a) (*i.e.*, "makes," "uses," "offers to sell," "sells," and "imports") are merely "action verbs."  Pl. Br. (D.I. 76) at 4.  That is not accurate.   Each of the aforementioned categories of conduct in 35 U.S.C. § 271(a) has a separate and distinct meaning under patent laws, and each category of conduct therefore represents separate and distinct acts of infringement.  *See, e.g., Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*, 617 F.3d 1296, 1308 (Fed. Cir. 2010) (distinguishing a "sale" and "offer for sale" as "separate" and "distinct act[s] of infringement under Section 271(a)").

conclusory fashion.   Form 18 does not erase how Plaintiff chose to plead or permit Plaintiff to treat its only allegation as an example to be ignored.

Plaintiff relies heavily upon *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007), in which the Federal Circuit suggested that Form 18 satisfies the pleading standard set forth in *Twombly*.   But recent decisions from this District held that *McZeal* and Form 18 are "undermine[d]" by the factual pleading requirements set forth in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).   *See*, *e.g., Rovi Corp. et al. v. Hulu, LLC*, No. 11-665, 2012 WL 261982, at *2 (D. Del. Jan. 27, 2012) (holding that the standard set forth in *McZeal* and Form 18 "cannot be read as a blanket rule governing all infringement actions"); *Via Vadis, LLC v. Skype, Inc. et al.*, No. 11-507, 2012 U.S. Dist. LEXIS 10182, at *6-7 (D. Del. Jan. 27, 2012) (same).   Therefore, Plaintiff's reliance on the pleading standard set forth in *McZeal* is misplaced.

*McZeal* is also inapposite on the relevant facts.   "As the Federal Circuit itself noted in *McZeal*, the decision in that case was driven, at least in part, by the fact that the plaintiff was proceeding pro se and was thus entitled to a somewhat relaxed pleading standard."   *Rovi*, 2012 WL 261982, at *3 (quoting *McZeal*) ("Where, as here, a party appeared pro se before the trial court, the reviewing court may grant the pro se litigant leeway on procedural matters, such as pleading requirements."); *Via Vadis*, No. 11-507, 2012 U.S. Dist. LEXIS 10182, at *7 (same).   Therefore, *McZeal* cannot properly be read as a blanket rule governing this action.

Plaintiff also makes the procedural argument that Moving Defendants' request "is more properly asserted in a motion to strike . . . ."   Pl. Br. (D.I. 76) at 5.   There is nothing

improper, however, about moving to dismiss certain of Plaintiff's separate **claims** of

infringement under Rule 12(b)(6).[2]

## II.   ANY ALLEGATIONS IN THE FIRST AMENDED COMPLAINT THAT DEFENDANTS INFRINGE SYSTEM CLAIMS SHOULD ALSO BE DISMISSED

Plaintiff argues that because it uses the phrase "***at least*** claim 1," and claims 18-

24 are system claims, Moving Defendants' Motion to Dismiss should be denied.   Pl. Br.

(D.I. 76) at 1, 3-5 (emphasis in original).   Plaintiff's argument is misplaced.   As set forth in

Moving Defendants' opening brief, the FAC alleges that each Defendant

> has infringed and still is infringing ***at least claim 1*** of the '060 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing software for ***obtaining*** data transaction information entered on a telephone from a single transmission, ***forming*** a plurality of exploded data transactions for the single transmission, and ***sending*** different exploded data transactions to different destinations based on information entered in the single transmission, ***using*** its mobile services network platform, including, but not limited to, its [mobile application(s)]

FAC, at ¶ 30-54 (emphasis added).   These allegations are specifically related to the process of

obtaining "data transaction information" and forming "exploded data transactions", quoting the

language of method claim 1 nearly verbatim.   D.I. 1, Ex. A (U.S. Patent No. 8,019,060), at col.

24, lines 40-57 (reciting method steps).   None of the italicized terms are present in claims 18-24.

Because the FAC only recites language from method claim 1 in pleading infringement of "at

least claim 1," the FAC does not state a plausible claim for relief as to any other patent claims,

---

[2]   If the Court disagrees, Moving Defendants request that the Court exercise its discretion and convert Moving Defendants' motion to dismiss into a motion to strike.   *See, e.g.*, Fed. R. Civ. P. 12(f)(1) ("The court may act [to strike material from a pleading]: (1) on its own . . . ."); *Openwave Sys., Inc. v. 724 Solutions Inc.*, No. C 09-3511 RS, 2010 U.S. Dist. LEXIS 20502, *3-4 (N.D. Cal. March 8, 2010) (converting a motion to dismiss an affirmative defense into a motion to strike in a patent infringement action to prevent wasting the court's and parties' resources).

much less claims 18-24, which are directed to a "data transaction system." *See id.* at col. 26, lines 11-55 (reciting system claims).

Plaintiff now apparently contends that its FAC contains allegations of infringement of the system claims of the '060 patent – despite the complete absence of such allegations. Even if made, such allegations should be dismissed as well. If Plaintiff's allegations are construed as directed to infringement of an accused *system*, Plaintiff would have had to identify a general category of products accused of infringement, which Plaintiff has failed to do. *See, e.g., Eidos Comm., LLC v. Skype Tech.* SA, 686 F. Supp. 2d 465, 469 (D. Del. 2010) (granting motion to dismiss plaintiffs' complaint on the basis that the complaint failed to identify a general category of products accused of infringement). For example, each of the system claims of the '060 patent, claims 18-24, require at least one "remote server." *See, e.g.,* D.I. 1, Ex. A, Col. 26, lines 10-55. Plaintiff has failed to identify, even as a general category of products, an accused "server" or "remote server" attributable to any of the Moving Defendants.

Plaintiff's failure to identify any system components it purportedly is accusing of infringement of the '060 patent's system claims, and its new contention that its FAC could be construed to include such allegations, run afoul of the pleading standards and requirement that the FAC "'give the [D]efendant[s] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Based on the allegations in the FAC, Moving Defendants lack notice of alleged infringement of anything other than claim 1 of the '060 patent. For example, Plaintiff's infringement allegations for each Moving Defendant repeatedly reference "obtaining data transaction information entered on a telephone from a single transmission," which parrots claim language that is only found in method claim 1 of the '060 patent.

Plaintiff also asserts that Moving Defendants "seek[] to limit CyberFone's ***ability to uncover infringement of further claims*** consistent with the Court's discovery procedures." Pl. Br. (D.I. 76) at 3 (emphasis added). Plaintiff thereby ***admits*** that it does not have a factual basis to assert infringement of the system claims in the '060 patent.[3] Moreover, Plaintiff's attempt to rely on the District of Delaware's Default Standard for Discovery to justify the FAC's deviation from the pleading standards is misplaced. The Default Standard governs certain aspects of discovery in this District; it does not address pleading standards that are instead governed by the Federal Rules of Civil Procedure and well-established case law.

Accordingly, in addition to each of the allegations in the FAC relating to infringement by making, selling, offering for sale, or importing software for practicing a claimed method, any "allegations" relating to infringement of any of the '060 patent's system claims by merely identifying allegedly infringing ***software*** should also be dismissed for failure to provide notice to Moving Defendants of the alleged infringement.[4]

### III.   PLAINTIFF HAS NOW REPRESENTED TO THE COURT THAT IT IS NOT ALLEGING INDIRECT INFRINGEMENT AND DISMISSAL OF SUCH CLAIMS IS THEREFORE NOT NECESSARY

Because Plaintiff has represented to the Court that it is not alleging indirect infringement in the FAC, Moving Defendants agree that the Court need not dismiss allegations of indirect infringement that Plaintiff is not asserting. Pl. Br. (D.I. 76) at 5.

---

[3]   Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions" – let alone less than conclusions about an unidentified system. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Instead, a complaint "must contain sufficient ***factual matter***, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 1949 (citation omitted).

[4]   Moving Defendants were first notified about Plaintiff's potential allegations of infringement of the '060 patent system claims in Plaintiff's opposition brief. Therefore, Moving Defendants respectfully request this additional relief.

Plaintiff's assertion, however, that Defendants' motion was "unnecessary and improper," *id.* at 2, is incorrect. On December 8, 2011, prior to filing the present motion, and to avoid the need for filing this motion, Moving Defendants sent a letter to Plaintiff requesting that Plaintiff amend its FAC "to make clear that it is asserting only claims of ***direct*** infringement pursuant to § 271(a) based on the ***use*** of a claimed method and, to the extent it intends to assert any other infringement claims, to plead facts required to support such claims." *See* Ex. 1 to Def. Br. (D.I. 54) (Dec. 8, 2011 Letter from Carraway to Fenster) (emphasis in original). Plaintiff did not respond to this letter, thus necessitating this motion. Regardless, Moving Defendants' motion has served to streamline this action by removing any claim of indirect infringement.

## CONCLUSION

For the reasons set forth in Moving Defendants' motion and herein, Moving Defendants respectfully request that this Court (1) dismiss each of the allegations in the FAC relating to the making, selling, offering for sale, or importing software for practicing any method claimed in the '060 patent; and (2) dismiss any allegations relating to infringement of system claims 18-24 of the '060 patent.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Karen Jacobs Louden
_____
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
Paul Saindon (#5110)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
psaindon@mnat.com
*Attorneys for United Air Lines, Inc.*

OF COUNSEL:

Stephen E. Baskin
KILPATRICK TOWNSEND & STOCKTON LLP
607 14th Street, NW, Suite 900
Washington, DC, 20005-2018
(202) 508-5899

John C. Alemanni
Michael T. Morlock
KILPATRICK TOWNSEND & STOCKTON LLP
1001 West Fourth Street
Winston Salem, NC 27101
(336) 607-7300

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Karen Jacobs Louden
_____
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
Paul Saindon (#5110)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
psaindon@mnat.com
*Attorneys for Inter-Continental Hotels
Corporation and Six Continents Hotels, Inc.*

OF COUNSEL:

George L. Murphy, Jr.
Vaibhav P. Kadaba
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309-4528
(404) 815-6500

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Karen Jacobs Louden*
_____
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
Paul Saindon (#5110)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
psaindon@mnat.com
*Attorneys for Hilton Worldwide, Inc.*
*(f/k/a Hilton Hotels Corporation) and*
*Hilton Garden Inns Management LLC*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Karen Jacobs Louden*
_____
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
Paul Saindon (#5110)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
psaindon@mnat.com
*Attorneys for eBay Inc., PayPal Inc.,*
*Kayak Software Corporation, Expedia Inc.,*
*Hotels.com L.P., Priceline.com Inc. and*
*Travelocity.com, LP*

OF COUNSEL:

Dan D. Davison
Brandy S. Nolan
FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, TX 75201-2784
(214) 855-8000

Richard S. Zembek
George W. Jordan III
FULBRIGHT & JAWORSKI L.L.P.
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX 77010-3095
(713) 651-5151

FISH & RICHARDSON, PC

*/s/ Lauren Murphy Pringle*
_____
William J. Marsden, Jr. (#2247)
Lauren Murphy Pringle (#5375)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
(302) 652-5070
marsden@fr.com
pringle@fr.com
*Attorneys for Orbitz Worldwide, LLC,*
*Hertz Corporation and Avis Budget*
*Group, Inc.*

POTTER ANDERSON & CORROON LLP

*/s/ David E. Moore*
_____
Richard L. Horwitz (#2246)
David E. Moore (#3983)
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801
(302) 983-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
*Attorneys for Amazon.com, Inc., and*
*Amazon Services LLC*

OF COUNSEL:

J. David Hadden
Darren E. Donnelly
Saina S. Shamilov
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
(650) 988-8500

Ryan J. Marton
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
(415) 875-2300

DLA PIPER LLP (US)

*/s/ Aleine Porterfield*
_____
Denise S. Kraft (#2778)
Aleine Porterfield (#5053)
919 North Market Street, Suite 1500
Wilmington, DE 19801
(302) 468-5700
denise.kraft@dlapiper.com
aleine.porterfield@dlapiper.com
*Attorneys for Starwood Hotels & Resorts*
*Worldwide Inc.*

FISH & RICHARDSON, PC

*/s/ Thomas L. Halkowski*
_____
Thomas L. Halkowski (#4099)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
(302) 652-5070
halkowski@fr.com
*Attorneys for Pure Biz Solutions LLC*

OF COUNSEL:

John Guaragna
Brian Erickson
Aaron Fountain
DLA PIPER LLP (US)
401 Congress Avenue, Suite 2500
Austin, TX  78701-3799
(512) 457-7000


MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Thomas C. Grimm*
_____
Thomas C. Grimm (#1098)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com
*Attorneys for Roundarch, Inc.*

OF COUNSEL:

Paul C. Gibbons
NIRO, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, IL  60602
(312) 236-0733


RICHARDS LAYTON & FINGER, PA

*/s/ Kelly E. Farnan*
_____
Allen M. Terrell, Jr. (#709)
Kelly E. Farnan (#4395)
One Rodney Square
920 N. King Street
Wilmington, DE  19801
(302) 651-7700
farnan@rlf.com
*Attorneys for Southwest Airlines Co.*

OF COUNSEL:

Max Ciccarelli
Justin S. Cohen
THOMPSON & KNIGHT LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, TX  75201
(214) 969-1700


February 6, 2012
5231407.2