# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CYBERFONE SYSTEMS, LLC, | |
| Plaintiff, | |
| v. | C.A. No. 11-831-SLR |
| AMAZON.COM INC., *et al.*, | |
| Defendants. | |

**[JOINT PROPOSED] SCHEDULING ORDER**

At Wilmington this _____ day of March 2012, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b);

IT IS ORDERED that:

1. **Pre-Trial Consolidation.**

**[Plaintiff's proposal:[1]**

The following cases, including this case, should be consolidated under Fed. R. Civ. P. 42(a) for purposes of discovery and pretrial procedures:

(a) *CyberFone Systems, LLC v. Cellco Partnership, et al.*, C.A. No. 11-827-SLR;

(b) *CyberFone Systems, LLC v. Atlantic Broadband Finance, LLC, et al.*, C.A. No. 11-828-SLR;

(c) *CyberFone Systems, LLC v. CNN Interactive Group, Inc., et al.*, C.A. No. 11-829-SLR;

---

[1]   Plaintiff proposes that all of the actions be consolidated for pretrial purposes because most of the same patents are asserted in more than one of the actions.  It would therefore be much more efficient to conduct claim construction and other pretrial activities together.

(d) *CyberFone Systems, LLC v. Avaya Inc., et al.*, C.A. No. 11-830-SLR;

(e) *CyberFone Systems, LLC v. Amazon.com, Inc., et al.*, C.A. No. 11-831-SLR;

(f) *CyberFone Systems, LLC v. Vlingo Corporation, et al.*, C.A. No. 11-832-SLR;

(g) *CyberFone Systems, LLC v. Sony Electronics Inc.*, C.A. No. 11-833-SLR;

(h) *CyberFone Systems, LLC v. Federal Express Corporation, et al.*, C.A. No. 11-834-SLR; and

(i) *CyberFone Systems, LLC v. EchoStar Technologies, L.L.C., et al.*, C.A. No. 11-835-SLR.]

**Defendants' proposal[2]:**

**CyberFone chose to file twenty-two actions in this Court, not one. CyberFone cannot meet its burden to show a common transaction or occurrence or common factual or legal issues warranting consolidation of the separate actions that it filed.**

**In September 2011, CyberFone filed the nine actions above against more than 140 defendants across various industries.  The nine actions allege infringement of differing combinations of five related patents.  CyberFone then filed 13 additional actions involving one of the common patents in January 2012.  In addition to the asserted patents and claims, the accused products and services vastly differ both within and among the actions, as set forth in Defendants' motions to dismiss and/or to sever for misjoinder.**

**Because the actions involve different patents, claims, and accused products and services, aggregation of the separately-filed actions would further increase Defendants'**

---

[2]     Defendants here refer to the Defendants in C.A. Nos. 11-827 to 11-834.  Defendants contend that the limits on discovery that are proposed here apply to Defendants in each case and are not collective among the cases.

costs by forcing them to participate in discovery or other proceedings irrelevant to the claims against them.  It would also prejudice their ability to mount their separate defenses.]

2.    **Pre-Discovery Disclosures.**   The parties will exchange by **[Plaintiff's proposal: March 20, 2012; Defendants' proposal: 14 days following service of Plaintiff's preliminary infringement contentions]**[3] the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

3. **Discovery.**

(a)   The issues of willfulness and damages shall be bifurcated for purposes of discovery and trial, unless good cause is shown otherwise.

(b)   Discovery will be needed on the following subjects:   patent ownership, infringement, non-infringement, validity, invalidity, inventorship, conception, reduction to practice, enforceability, unenforceability, and all of defendants' other affirmative defenses.

(c)  Fact Discovery:

**[Defendants' proposal: As set forth in their separate form of Order submitted herewith, Defendants believe that, given the size and complexity of these cases, the parties should proceed through initial disclosures (as discussed below) and then have a status conference with the Court to discuss the schedule, appropriate discovery limits, and possible means to resolve this action by limited early summary judgment, mediation, or otherwise, once these actions are better defined by those disclosures.  Defendants provide the dates and proposed discovery limits below only in the event the Court decides to enter a scheduling order to cover all proceedings in this case at this time.]**

---

[3]      Plaintiff believes that there is no basis for defendants to postpone their obligations under Rule 26(a)(1) until after plaintiff's infringement charts.

All fact discovery shall be commenced in time to be completed by **January 18, 2013**.

(1)      **[Plaintiff's proposal: Maximum of 15 common interrogatories by each side.   Maximum of 10 individual interrogatories by each party to any other party. Defendants' proposal: Maximum of 30 common interrogatories by Plaintiff and 30 common interrogatories by Defendants in each action.   Maximum of 15 individual interrogatories by each party to any other party in each action (except that, for these purposes only, related entities shall be treated as a single party, *i.e.*, "defendant group"). An interrogatory shall not be deemed to have multiple subparts simply because it calls for a response involving more than one patent, patent claim, accused product, or prior art reference.]**[4]

(2)      In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof.  The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(3)      **[Plaintiff's proposal: Maximum of 30 common requests for admission by each side.  Maximum of 20 individual requests for admission by each party to any other party.  Defendants' proposal:  Maximum of 30 common requests for admission by Plaintiff and 30 requests for admission by Defendants in each action.  Maximum of 15 individual**

---

[4]      Plaintiff believes that defendants' proposal of 45 interrogatories (combining common and individual) per party is excessive and that plaintiff's proposal of 25 combined interrogatories per party is adequate.

requests for admission by each party to any other party in each action (except that, for these purposes only, related entities shall be treated as a single party, *i.e.*, "defendant group").]  There shall be no limit, however, on the number of requests for admission that a document or thing (i) is authentic, (ii) is a business record, or (iii) otherwise meets a condition for admissibility into evidence.

(4)    Discovery of paper and electronic documents (hereafter, "e-discovery") shall be completed on or before **November 6, 2012.**

**[Plaintiff's proposal:  In the absence of agreement among the parties or by order of the court:  (i) e-discovery shall be limited to the initial custodians identified through the D. Del. 16.1(a) meeting; (ii) e-discovery shall be limited to a term of five (5) years; (iii) on or before September 14, 2012, each party may request e-discovery of additional custodians or for additional years, for good cause shown; and (iv) no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of e-discovery.**

**Defendants' proposal:   Due to the size and complexity of these nine cases, which now include more than 150 defendants and differing accused products, Defendants provided Plaintiff a comprehensive proposal for electronic discovery (attached as Exhibit 1) to which Plaintiff did not respond.  Defendants propose modifying the default ESI standard to streamline e-discovery by avoiding (a) overbroad, disproportionate and cumulative production of emails, particularly with more than 150 defendants; (b) tangential, marginally relevant production of metadata; and (c) use of forensic data collection methods for all produced documents.   In particular, Defendants propose: (i) limiting email production to the damages phase; (ii) shifting costs for disproportionate**

email production requests (i.e., requests for more than five custodians or five search terms per custodian or Defendant emails dated prior to the issuance date of the patent(s) asserted against that defendant); (iii) requiring good cause for additional metadata fields; and (iv) requiring a meet and confer directed to specific documents before expecting a receiving party to employ forensic data collection methods.  Defendants propose that the parties meet and confer as to such matters and present any disputes to the Court no later than the first scheduled status conference.][5]

(5)     Maximum of **[Plaintiff's proposal: 35 hours; Defendants' proposal 28 hours]** for fact depositions of each defendant group and **35 hours for each** third party entity by Plaintiff.  Maximum of 70 hours for fact depositions of Plaintiff and 35 hours for each third party entity by Defendants per case.  [**Plaintiff's proposal: Each fact deposition limited to a maximum of 7 hours unless extended by agreement of parties. Defendants' proposal: Each fact deposition limited to a maximum of 7 hours unless extended by agreement of parties, except as follows.  For each named inventor of any patent-in-suit, Defendants collectively shall be limited to a maximum of 21 hours of deposition per case in the inventor's personal capacity.  For each prosecuting attorney of any patent-in-suit, Defendants collectively shall be limited to a maximum of 14 hours of deposition per case.  Any deposition of 3.5 hours or less shall count as 3.5 hours.  Any deposition greater than 3.5 hours shall count as 7 hours or the total deposition time agreed upon if more than 7 hours.]**[6]

---

[5]     Plaintiff's proposal is from the Court's standard form scheduling order and should therefore not be deleted.   Defendants' concerns about discovery of electronically stored information are all taken care of by this Court's Default Standard, which has recently been revised.  Defendants' proposed additional restriction are therefore unnecessary.

[6]     Plaintiff's proposal to limit each deposition to 7 hours is from the Court's standard form scheduling order and therefore should remain.  Plaintiff is willing to allow greater time of the inventor but is unwilling to allow 21 hours separately for each case (totaling 189 hours for the

(d)  Expert discovery shall be commenced in time to be completed by **April 26, 2013.**

(1)  Expert reports on issues for which the parties have the burden of proof due **February 8, 2013**.  Rebuttal expert reports due **March 8, 2013**.  Supplement reports (for, e.g., on secondary considerations of obviousness) due **March 29, 2013**.

(2)  **[Plaintiff's proposal: Expert depositions to be limited to a maximum of 7 hours if an expert serves one report on the subject of one party, and an additional 3 hours for each additional report or party covered by one report by an expert, unless extended by agreement of the parties.**

**Defendants' proposal: Expert depositions to be limited to 14 hours for an expert opining on issues specific to one defendant group (e.g., infringement, damages) and 21 collective hours for an expert opinion on common issues (e.g., validity), and three individual hours per defendant group per case.]**

(3)  All Daubert motions shall be filed on or before **July 19, 2013**.

(e)  Supplementations under Rule 26(e) due **[Plaintiff's proposal: March 22, 2013; Defendants' proposal: December 18, 2012].**

(f)  **Discovery Disputes.**  Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge[7] to regulate all proceedings and take all measures necessary to manage

---

present 9 cases).  The inventor is 82 years old and suffers from physical ailments.  See Declaration of Rocco Martino in Support of Cyberfone Systems, LLC's Answering Brief in Response to Defendant Hyatt Corporation's Motion to Dismiss Hyatt Corporation As a Party for Misjoinder, or in the Alternative, to Sever and Transfer the Claims Against Hyatt Corporation, *CyberFone Systems, LLC v. Federal Express Corporation*, C.A. No. 11-834-SLR (D.I. 154-1) ¶ 6.  Defendants should not be permitted to depose him separately in 9 cases for 21 hours per case.  Plaintiff is willing to agree to the inventor's deposition of 4 hours per day for 3 days for all cases.

[7]     The court may also refer discovery disputes to a Special Master.

discovery, conduct hearings on discovery disputes and rule on same.  Counsel are advised that, notwithstanding the fact that the issues of willfulness and damages have been bifurcated, the Magistrate Judge may require the parties to exchange discovery on any subject, including damages and willful infringement, in aid of settlement and/or discovery on the issues related to secondary considerations of obviousness.

(g)  **Fact Witnesses to be Called at Trial.**  Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial.  Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial.  The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case.  Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

(h)  **Default Standard.  [Plaintiff's position: The Court's "Default Standard for Discovery, Including Discovery of Electronically Stored Information ('ESI')," as revised on December 8, 2011 ("Default Standard") shall apply to this case, with the following modifications; Defendants' position: Paragraph 4 of the Court's "Default Standard for Discovery, Including Discovery of Electronically Stored Information ('ESI')," as revised on December 8, 2011 ("Default Standard") shall apply to this case, with the following modifications**]:

(1) **[Defendants' proposal: Plaintiff to provide a preliminary identification of asserted claims and accused instrumentalities, Plaintiff to produce file histories (including abandoned patent applications related to the patents-in-suit), conception and reduction to practice documents, and pre-application sale/offer to sell/third party disclosure documents within 30 days of the Rule 16 conference.]**

(2) **[Defendants' proposal:  Defendants to produce core documents sufficient to show the functionality of the accused instrumentalities within 90 days of receipt of the materials in item 1 above]**[8]

(3)   The time period specified in section 4(c) of the Default Standard is modified from 30 days to 90 days.

(4)   The time period specified in section 4(d) of the Default Standard is modified from 30 days to 90 days.

(5)   A party may request that the load file accompanying an opposing party's production be in a commonly used document review software format in addition to or instead of Concordance.

(i)  **E-mail Service.**   The parties have consented in writing to service by e-mail, in accordance with Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.

(j)  **Status conferences.**   The Court shall hold status conferences on October__, 2012 and May __, 2013 to discuss with the parties how the remainder of the case should proceed, including discovery limits and scheduling, the possibility of early claim construction and/or summary judgment, the manner in which the cases shall be tried against particular defendants,

---

[8]      Plaintiff does not believe that there is any reasonable basis to substantively alter the types and sequences of disclosures under the Default Standard.

and any other issues the Court or the parties wish to discuss.  The parties shall submit a joint status report five days in advance of each such conference.

4. **Joinder of other Parties and Amendment of Pleadings.**  All motions to join other parties and amend the pleadings shall be filed on or before **November 13, 2012**.

5. **Settlement Conference.**  Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge[9] for the purposes of exploring ADR.

6. **Claim Construction Issue Identification.**  If the court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms **December 19, 2012.**  This document will not be filed with the court.  Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 8 below.

7. **Claim Construction.**  Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning.  Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on [**Plaintiff's proposal: April 26, 2013; Defendants' proposal: January 29, 2013**], with the claim chart separately docketed.  Plaintiff shall serve and file its opening brief on claim construction on or before [**Plaintiff's proposal: May 15, 2013; Defendants' proposal: May 1, 2013**].  Defendants shall serve and file their answering claim construction brief on or before [**Plaintiff's proposal: June 5, 2013; Defendants' proposal: May 30, 2013**].  Plaintiff shall

---

[9]        The court may also refer ADR to a Special Master.

serve and file its reply brief on or before **June 19, 2013**.  Defendants shall serve and file their surreply brief on or before [**Plaintiff's proposal: July 3, 2013; Defendants' proposal: July 11, 2013**].

       8. **Summary Judgment Motions**

       (a)  All summary judgment motions shall be served and filed on or before **August 20, 2013**.  No summary judgment motion may be filed more than ten (10) days from the above date without leave of the court. **[Defendants' proposal: except that Defendants shall be permitted to file a motion that the asserted claims of U.S. Patent No. 6,019,060 ("the '060 patent") are invalid for claiming patent-ineligible subject matter under 35 U.S.C. § 101, *Bilski v Kappos*, 130 S. Ct. 3218 (2010), and its progeny including this Court's decisions in *Accenture Global Services GMBH v. Guidewire Software, Inc.,* 800 F. Supp. 2d 613 (D. Del. 2011) and *Accenture Global Services GMBH v. Guidewire Software, Inc.*, 691 F. Supp. 2d 577 (D. Del. 2010).]**[10]

       (b)  Opening briefs on infringement and invalidity shall be served and filed on or before **August 20, 2013**.

       (c)  Opening briefs or combined opening-answering briefs on noninfringement and validity shall be served and filed on or before **September 10, 2013**.

       (d)  Where cross-motions are not presented, **answering briefs shall be due within 21 days after the filing of the opening brief and reply briefs shall be due within 14 days after the filing of the answering brief**.

---

[10]    Plaintiff does not believe that there is any basis to deviate from the Court's form order to allow Defendants to file a case-dispositive motion on this limited ground earlier than all other case-dispositive motions without seeking and justifying leave to do so.

(e)   Where cross-motions are presented, a surreply brief will be permitted, to be filed **14 days** from the filing of the reply brief.

(f)   The hearing on the claim construction and motion(s) for summary judgment will be heard on **week of November 11, 2013**.

9.   **Applications by Motion.**   Any application to the court shall be by written motion filed with the clerk.   **The court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court.

(a)   Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

(b)   No telephone calls shall be made to chambers.

(c)   Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "Email Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov.   The email shall provide a short statement describing the emergency.   NO ATTACHMENTS shall be submitted in connection with said emails.

10.   **Motions in Limine.   No** motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

11.   **Pretrial Conference.**   A pretrial conference will be held on **week of January 13, 2014** in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware.   The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

12.   **Trial.**   This matter is scheduled for **eight weeks during March – April 2014**, **to be allocated among particular trials for individual defendants at a later date**, in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware.   For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge